## MUNICIPALITY No. TWO *v.* DUNN.

Municipality No. Two had authority to impose a portion of the cost for the removal of a dilapidated and insufficient pavement and making a new and sufficient one in its stead, on the proprietor of property, fronting the street so improved.

The Municipality had no power by the then existing laws to compel a contribution, by the owners of lots, to the cost of making the second pavement to replace the one to which the contribution had already been made. OGDEN, dissenting. BUCHANAN, J., concurring in the dissenting opinion.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.

*R. Hunt* and *Parker*, for plaintiff. *Roselius*, for defendant and appellant.

SLIDELL, C. J. For some thirty years the rule has been followed of imposing a portion of the cost of paving, upon the proprietors of property fronting on the street paved. This has been done upon the equitable principle of apportioning the burden with reference to the benefit.

If the first paving of a street is a special benefit to the front proprietor, justifying the imposition upon him of a portion of the expense, while the city pays for the residue as having been incurred for a matter of general utility; so the removal of a dilapidated or insufficient pavement, and the making of a new and sufficient one in its stead, is a matter of special benefit to the front proprietor, as well as of general utility. The equity is the same in both cases.

I have expressed my views on an analogous subject in the Benton street case.

The Act of 1850, conferred a privilege for paving done; but the power to levy the contributions was a pre-existing power which during a long period had been exercised and judicially sanctioned. It was sustained under the grants of power contained in the Acts of 1805 and 1813, which are not restricted to pavements first laid. See *Oakey's* case. 1 L. R. 1. If these grants were curtailed by subsequent legislation, as to the particular subject of paving, I am not aware of it.

It seems to me that the power to pave the streets is a permanent continuing power to be exercised when the public good may require it, and that the power to levy a contribution on the property benefited by the paving in front of it is equally durable and continuing.

In conclusion, I must repeat my conviction that the system of paying for local improvements wholly out of the general treasury is inequitable, and will result in great extravagance, abuse and injustice. I think the system of making particular localities, which are specially benefited, bear a special portion of the burden is safer, and more just to the citizens at large, by whose united contributions the city treasury is supplied. What is taken out of that treasury is taken out of the pockets of all the proprietors.

I think the judgment should be affirmed with costs.

It is decreed that the judgment of the District Court be affirmed with costs.

SPOFFORD, J., concurring.

VOORHIES, J. I concur in the conclusion of the Chief Justice. In my opinion, the city had the power to order the work to be done on the street, and to compel the front proprietors to contribute for the cost of it. It appears to me that such contribution cannot be considered as repugnant in any respect to the fundamental principle which requires that taxation, whether parochial or

municipal, shall be equal and uniform throughout the State. In the present case the contribution is as equal and uniform as the nature of the thing admits of.

OGDEN, J., dissenting. The defendant as owner of certain lots fronting on Tchoupitoulas street, is sued for one-third of the cost of making a new pavement, in front of his property. This street had been previously paved with round stone, and the defendant and those from whom he acquired the property, had contributed in the proportion of one-third of the cost to making the former pavement. It was found that the round stone pavement could not resist the heavy hauling over this street—was constantly out of order; it was therefore taken up and replaced by square block stone.

The defendant resists the claim of the municipality, to be re-imbursed in the amount of one-third of the cost of this new pavement in front of his property, on the following grounds:

1st. That the municipal government had no power to impose on the owners of lots, fronting on the street, the burthen of the expense of a second pavement of the street, whatever might be their power to compel a contribution by such owners to the first pavement. 2d. That if such power did exist, it could be exercised, only on the condition of crediting the proprietors with the amount of the special contribution paid by them for the first pavement.

The rule adopted by the ordinance of the municipality, which provides for the payment of the expense of paving the streets by requiring, that one-third of the expense shall be paid by the proprietors of lots on each side of the street and the balance by the corporation, is a mode of taxation for that object which has been sanctioned by the Legislature. The 7th section of the Act of the Legislature of 1840, provides "that whenever the owner of any property, in front of which paving shall be done, by order of the Council of the municipality, shall fail to pay the third part of the cost of said paving, as he is bound to do by existing laws; such municipality shall have a special privilege on said property for the re-imbursement of one-third of the sums expended on such paving. This was a recognition by the Legislature of an existing ordinance of the municipality, of a general nature, which provided as uniform a mode of taxation for the expense of paving streets as could well be devised.

It is contended, however, by the appellants, that until the Act of the Legislature of 1850 was passed, the Council of the municipality did not possess the power of taxing the owners for new paving on a street already paved. The 8th section of that Act is as follows:

"That the Councils of said municipalities shall have the right of laying special taxes for local improvements, when the owners of property thereby benefited are liable to be specially taxed, conformably with existing laws, for the whole or a portion of the expense incurred for such objects, and whenever it shall be deemed necessary to make a new paving in any street already paved, the owners of property fronting said street shall also be liable to be specially taxed in the proportions established by existing laws; provided, a fair and adequate allowance be first made in their favor for the value of the materials of the old paving."

The appellees counsel have agreed that this is a legislative recognition of a pre-existing power in the municipal government; that this Act of 1850, provided a new mode of deciding on the amount of the general taxes to be annually assessed, but excepted by this section, from these new provisions the

special paving tax. It appears to me that while it makes this exception and recognizes a pre-existing power in the municipal government on this subject, it was the object of this provision to extend the power of the corporation, so as to enable them whenever they deem it necessary, to take up a pavement once laid and replace it by a new one of different materials at the joint expense of the municipality and the proprietors of lots, in the same proportions as established by existing laws in regard to the original paving—by providing a rule for the disposition of the old materials, it would seem that a case such as this was contemplated, and not the case of a pavement having rotted away. In the present case the new paving was done before the law of 1850 was enacted, and it is not necessary to express any opinion as to that law, which is not applicable.

In the absence of a special power conferred by the Legislature, I think the defendant could not be specially taxed for the new pavement which became necessary, in consequence of the municipality having selected materials for the first pavement which was not suitable.

If it was deemed a matter of public utility that the round stone pavement, to which the owners of lots on Tchoupitoulas street had contributed their proportion of the expense, should be replaced by one not so subject to injury by heavy hauling and more commodious to the public, it was a local improvement determined on by the municipal Council, not coming under the general ordinance regulating the paving of streets, and subjecting the owners of lots to equal taxation therefor.

I conclude that the municipality had no power by the then existing laws to compel a contribution, by the owners of lots to the cost of making the second square block pavement, to replace the one to which contribution had already been made, and that the judgment of the lower court ought to be reversed.

Buchanan, J., concurs.