Kunkle, J.
Tbe plaintiffs claim that in March, 1908, the council of the city of Springfield adopted a resolution declaring it necessary to improve Kenton street, from East street to Burt street, by macadamizing, curbing and guttering the same, and that the cost of such improvement, less 3 1-3 per cent, and the cost of the inter *66 sections, should be assessed by the foot frontage of the property bounding and abutting thereon; that on May 12, 1908, said council passed an ordinance levying an assessment of $1.6322 per front foot upon the lots and lands abutting on said improvement, for the purpose of paying the property owner’s portion of the cost of said improvement.
Plaintiffs claim that a portion of said Kenton street, viz., the portion from Oak street to Burt street, was improved by the city by grading and graveling the same in accordance with a resolution passed by said council in March, 1901.
Plaintiffs further claim that they were not served with a notice requiring them to construct the curb and gutters in front of their premises, and that the assessments in question are void for the reason that’ they include the cost of such curbing and guttering and the cost of constructing the street intersections.
Plaintiffs ask that the defendants be enjoined from certifying or collecting said assessments, and that the court find the amount of the cost of said improvement which should be properly and legally assessed against the plaintiffs herein, if the same can be done.
The defendant, the city of Springfield, admits the adoption of the resolutions and ordinances set forth in the petition; admits that the portion of Kenton street described in the petition was improved at the expense of the abutting property owners by grading and graveling in" 1901, but denies that no notice was given plaintiffs of the making of the improvement in question, and claims that notice, as required by law, was served upon the plaintiffs of the making of such improvement.
The case was submitted to the court upon the evidence and certain agreed statements of fact.
Ye have examined the various authorities cited by counsel, and also a large number of additional authorities, but will not discuss many of these authorities in this opinion.
Plaintiffs insist that under the law they had the right to construct that portion of the improvement in question which consists of the curbing and guttering, and that the city could not construct the curbing and guttering in question at their ex *67 pense, unless they failed to perform such work, after having first been notified by the city to so perform such work.
The law is clear in Ohio, at least, that notice is jurisdictional, and if the city fails to serve notice upon the property owners, as required by law, of the making of an improvement, then the city is without jurisdiction to levy .an assessment to pay any portion of the cost of such improvement.
We think the city did serve such notice of the making of this improvement, as is required by law. A copy of the notice, which it is admitted was served upon all of the .plaintiffs, has been introduced in evidence. We think this notice complies with the requirements of the law governing this particular improvement.
It is claimed that as curbing and guttering form part of a sidewalk improvement, that the notice given should have conformed with the notice governing the construction of sidewalk improvements, and that the plaintiffs should have been given the required number of days in which to construct such curb and gutters.
Section 3812, General Code (R. S., 1536-210), provides that:
“The council of any municipal corporation may assess upon the abutting * * * lots or lands, # * * any part of the entire cost of and expense connected with the improvement of any street, alley * * * or place by grading, draining, curbing, paving, repaving, repairing, constructing sidewalks,” etc.
Section 3818, General Code (R. S., 1536-212), provides that notice of the passage of a resolution of necessity shall be served upon the owner of each piece of property assessed and such notice shall be completed at least twenty days before the improvement is made or the assessment levied.
It will be observed that under Section 3812, General Code (R. S., 1536-210), the improvement which may be made as an entirety, and the cost thereof assessed in the manner provided by law, may consist of any one or more of the different forms of improvement enumerated in such section. It may consist of paving alone, or it may consist of grading, curbing, paving and constructing sidewalks. All or any portion of the different *68 classes of improvement enumerated in this section may be' embraced within one general improvement, which shall be provided for by a resolution of necessity, as specified in Section. 3818, General Code (R. S., 1536-212), and notice of such resolution of necessity must be served upon the property owners at least twenty days before the improvement is made or the assessment levied as provided by Section. 3818, General Code (R. S.) 1536-212).
The Legislature has provided a complete mode or plan by which any or all of the improvements specified in Section 3812, General Code (R. S., 1536-210), may be made, and a certain portion of the cost thereof assessed upon the abutting property.
The Legislature has further provided a complete mode or plan by which the city may have sidewalks constructed at the expense of the abutting property owners.
If the city proceeds under Section 3812, General Code (R. S., 1536-210), to make an improvement consisting of any or all of the different kinds of work enumerated in such section, it is then required to give the notice and comply with the requirements of law governing such improvements.
If the city undertakes to require a property owner to construct a sidewalk, as provided by Section 3853, General Code (R. S., 1536-232), and the following sections, it must then give notice and comply with the requirements of law governing the making of such improvements.
Section 3853, General Code (R. S., 1536-232), provides that council may provide for the construction and repair of all necessary sidewalks and curbing and guttering, and parts thereof, within the limits of the corporation, and may require, by the imposition of suitable penalties or otherwise, the owners and occupants of abutting lots and.lands to keep such sidewalks, curbing and gutters in repair and free from snow or nuisance.
Section 3856, General Code (R. S., 1536-234), provides that when a resolution has been passed by council declaring that certain sidewalks, curb or gutters shall be constructed or repaired, the clerk shall cause a written notice to be served upon the owner or agent of the owner, of the passage of such resolution.
*69 Section 3857, General Code (R S., 1536-235), provides that if such sidewalks, curbing or gutters are not constructed within fifteen days or not repaired within five days, the city may have the same done at the expense of the owner, and assess the cost thereof upon the property. It is by virtue of the last named section that counsel for plaintiffs insist that plaintiffs had the right to construct the curbing and guttering in question. We do not think the plaintiffs had any such right. It is apparent from .a reading of the section governing the construction of sidewalks, that the Legislature intended to confer upon the city the right to construct sidewalks only in the event the property owner failed to comply with the order of the city; that the city is required to first notify the property owner to do the work, and if the property owner fails to comply with the order, then the city may perform the work solely as a means of enforcing its orders. It is also equally apparent that the Legislature intended that the city should construct the improvements specified in Section 3812, General Code (R. S., 1536-210). When the city proceeds under Section 3812, General Code (R. S., 1536-210),. as was done in this ease, to make an improvement, it- does so as an original matter. It does not order the property owner to do the work or any portion of it, and has no authority to order the property owner to do such work, or any portion thereof. It has authority to make the improvements enumerated in the subdivision referred to, and is required to notify the property owner so he may have a hearing, if he desires, in reference to the question of damages, etc.
Different notices are required. Under Section 3812, General Code (R. S., 1536-210), twenty days’ notice is required. Under Section 3857, General Code (R. S., 1536-235), which relates-solely to sidewalks, fifteen days’ notice is required. Under paragraph 232, which relates to sidewalks, notice to the occupant of the -property is sufficient, in reference to the making of certain repairs, etc.
These two methods of making improvements are different, and each is complete in itself. They do not depend upon each other, and when the city proceeds to make an improvement, as was *70 done in this case, under, the provisions of Section 3812, General Code (E. S., 1536-210), it is then governed solely by such provisions.
In Ehni v. Columbus, 3 C. C., 494, our circuit court, in the first paragraph of the syllabus, say:
“Whether curbing is a part of a street improvement, or of a sidewalk improvement, is a question of fact to be determined from the circumstances of the particular ease and is a matter of evidence, not of law.” ■ ■
It would be impractical to make an extensive Improvement of a street by paving, if one or two property owners on each square were to put in curbing and guttering and the others were not. The street must be made as an entirety, and it is evident that the Legislature so intended.
We think the plaintiffs were given such notice of the making of this improvement as the statute requires.
A portion of Kenton street, viz., the part lying between Oak street and Burt street, was improved by the city by grading and graveling the same, at the expense of the abutting property owners, in 1901. The city having once improved this portion of the said street and assessed substantially all of the expense thereof against the abutting property owners, can it again improve such portion of the street with a different kind of improvement and assess substantially all of the expense thereof against the abutting property owner? '
We think the great weight of authority is to the effect that the power to pave or otherwise improve a street, even at the expense of abutting property owners,.is a continuing one, and that the city can. make as many additional improvements of a public street as are necessary, and assess the cost thereof upon the abutting property owners, unless the Legislature has specifically restricted such’right. See Elliott, Roads and Streets, Section 335; 25 Am. & Eng. Enc. Law, 1178; State v. District Court, 80 Minn., 293; Adams v. Fisher, 75 Tex., 657, 661.
Section 3812, General Code (E. S., 1536-210), provides how assessments may be made. Has the Legislature restricted the city in assessing the cost of this new improvement, and if so, to what extent ?
*71 Section 3820, General Code, ct seq..(R. S., 1536-213), provides that the city shall pay such part of the cost and expense of improvements for which special assessments are levied, as council may deem just, which part shall not be less than one-fiftieth of all such cost and expense, and in addition thereto the corporation shall pay the cost of intersections; provided (Section 3822, General Code) that whenever special assessments have been levied and paid for the improvement of any street or other public place, the property so assessed shall not again be assessed for more than one-half the cost and expense of repairing or repaving such street or other public place, unless the grade of the same is changed.
It is admitted that the grade on this street was not changed at the time the improvement in question was made. When the grading and graveling improvement was made in 1901, the law was somewhat different from what it was in 1908, when the street was macadamized.
Original Section 2264, Revised Statutes, corresponds to Section 3812, General Code (R. S., 1536-210), of the law as now in force. Said section provided that in all eases where an improvement of any kind is made, the council may assess the cost thereof upon the property, etc.
Section 3812, General Code ('R. S., 1536-210), as now in force, does not specifically provide for the graveling of a street, but former Section 2264 included a graveling improvement, as much, as any other form of improvement, as the language of this section was:
“When an. improvement of any kind is made, the city may assess, ’ ’ etc.
It is immaterial whether the city could or could not, under the provisions of Section 3812, General Code (R. S., 1536-210), assess the cost of an improvement consisting of graveling, as it is evident that the city had the right to assess- the cost of such an improvement when the street was so graveled.
The rights and liabilities- of property owners are fixed by the law in force when the improvement is ordered. Cincinnati v. Seasongood, 46 Ohio St., 296; Ehni v. Columbus, supra.
*72 When the macadamizing improvement in question was ordered in 1908, we think the city was authorized by Section 3812, General Code (R. S., 1536-210), to make an improvement of that nature, and assess a certain portion of the cost thereof upon the abutting property.
Does the macadamizing of the street in 1908 constitute a repaving or a repairing of the street, so as to bring the plaintiffs within the limitation specified in Section 3820, General Code (R. S., 1536-213), which limitation provides that whenever special assessments have been levied and paid, for the improvement of any street or other public place, the property so assessed shall not again be .assessed for more than one-half the cost and expense of repaving or repairing such street, unless the grade has been changed.
It is claimed by counsel for plaintiffs, that the macadamizing improvement of 1908 constitutes a repaving and a repairing of this street. We are satisfied that the improvement of 1908 does not constitute a repair of the street.
To repair is to restore to a sound or good state after decay, injury or partial destruction. To repair, as is ordinarily understood, means to amend, not to make a new thing, but to refit, to make good, or to restore an existing thing. 24 Am. & Eng. Enc. Law, 470.
The grading and graveling of 1901 was a complete improvement. The second improvement in 1908 consisted of macadamizing and curbing and guttering, according to the grade formerly established. It was an entirely new improvement, not a repair of a former improvement. See O’Meara v. Green, 25 Mo. App., 198; Bush v. Peoria, 215 Ill., 515.
To constitute an original paving of a street there must have been a substantial paving of the part of the street improved. Page & Jones, Taxation, Section 462; Brady, In re, 85 N. Y., 268.
A street includes sidewalks and gutters, and paving includes flagging; the work therefore of setting curb and gutter stones, and flagging the sidewalk of a street, which has once been done, is included in the phrase, repaving a street. Burmeister, In re, 76 N. Y., 174.
*73 It is not claimed that the property owners in question have previously constructed or been assessed for any curbing and guttering on this street, either as a part of a street or of a sidewalk improvement. The only expense to which they have been subjected, relates to the grading and graveling of the portion of the highway in question.
• Does the macadamizing of the highway in question constitute a repaving thereof, where the first improvement consisted merely of graveling the street. We have had considerable difficulty in arriving at a determination of this question.
There are a number of decisions to the effect that macadamizing is considered paving. Leake v. Philadelphia, 171 Pa. St., 125; Williamsport v. Beck, 128 Pa. St., 147; Brady, In re, supra; 36 Am. Dig., 1267; Philadelphia v. Ehret, 153 Pa. St., 1; Harrisburg v. Segelbaum, 151 Pa. St., 172, 185 (20 L. R. A., 834); Adams v. Fisher, supra.
Does an original improvement of a street by graveling constitute the paving of a street, so as to render a subsequent improvement a repaving?
To pave includes the usual means of covering the street with stone or brick, so as to make a convenient surface for travel. Warren v. Henly, 31 Iowa, 31.
Many statutes provide for levying assessments for paving a street. The question presented under such statutes is as to the meaning of the term “paving,” and the forms of improvement which may be included thereunder.
“Paving consists in producing, by any means, a hard, firm, smooth surface for travel. Paving consists in producing a compact, even, hard surface, or covering the street with stone or brick, so as to make a convenient surface for travel.” Page & Jones, Taxation, 437.
“No particular material is necessary to constitute a pavement. It may be made of anything which will produce a hard, firm smooth surface for travel.” Philadelphia v. Eddleman, 169 Pa. St., 452.
“To pave is to cover with stone or brick, or other suitable material, so as to make a level or convenient surface for horses, carriages, or foot-passengers.” Phillips, In re, 60 N. Y., 16, 22.
*74 ‘‘A pavement is not limited, to uniformly arranged masses of blocks of wood, brick or stone, but it may be as well formed of pebbles or gravel or other hard substance which will make a compact, even, hard way or floor.” Burnham v. Chicago, 24 Ill., 496, 499, 500; Dillon, Mun. Corp., Section 796, and authorities cited.
Any material by which a hard, firm or smooth surface for travel is secured, constitutes a paving, and from the above definitions of paving and repaving, we think the macadamizing in question constituted a repaving, and that the limitation of Section 3820, General Code (R. S., 1536-213), as to repaving, applies to the improvement in question.
While brick or stone are the materials employed in most cases of paving, and were the materials used in certain of the cases above cited, yet it is apparent from the reasoning of the court, even in those cases, that the controlling element was the fact that a hard, firm, smooth surface for travel was thereby secured, and a hard, firm and smooth surface for travel may be secured from the use of gravel, as well as from other kinds of material.
The purpose of the Legislature seems to be to permit the city to assess against abutting property owners the principal cost of originally improving a street — of originally transforming it from an ordinary roadway into a street, but after such original construction, the policy of the Legislature in our state, and the same rule seems to prevail in most states, is to limit the amount which may be assessed after a street has been originally improved at the expense of the abutting property.
We have nothing to do with the wisdom of such legislation. We are merely required to determine what the Legislature has enacted upon this subject. If we have correctly interpreted the intention of the Legislature and the limitation so prescribed is unwise, the remedy is with tHe Legislature.
As the plaintiffs have never constructed or been previously assessed for curbing and guttering, either as a part of a street improvement or as a part of a sidewalk improvement, I do not think the cost of the curbing and guttering in question would come within the repaving limitation.
*75 The purpose of this limitation is not to permit a property owner to escape the cost of an original construction, but it is to protect him from double burdens.
The plaintiffs claim that the entire assessments in question are void, because of irregularities therein. We do not think the entire assessments are void, but that they are subject to reduction to the extent that they exceed the amount which the city could legally assess.
An examination of the authorities cited by plaintiffs discloses that many of them relate to cases where the city had no jurisdiction to make the assessments in question. We think the city, in this ease, had jurisdiction to make the assessments, but simply exceeded the amount which it was authorized to assess.
Under the curative provisions of Section 3911, General Code (R. S., 1536-280), the courts are required to construe the provisions of council liberally, to the end that a speedy collection of assessments may be had, but 'the proceedings shall be strictly construed in favor of the property assessed, as to the limitation on assessments. The limitation of assessments shall be strictly construed in favor of the property owner, but the collection of the assessment, to the extent that the city is authorized to make an assessment, shall be liberally construed in favor of the city.
The plaintiffs also claimed that the -city had not paid its full portion of the cost of making the street intersections, as provided by Section 3820, General Code (R. S., 1536-213). Counsel have since gone over this feature of the ease with the city engineer, and as I understand, the difference between counsel on this point is so small that this branch of the ease is waived.
It is admitted that the property of all the plaintiffs is situated upon that part of Kenton street which was.originally improved by grading and graveling at the expense of the abutting property owners, and we think the plaintiffs are entitled to a reduction on the assessments made for macadamizing, the same being to that extent a repaving of the said street. The defendants will be enjoined from collecting from the plaintiffs more than one-half of the cost of such macadamizing as provided by Section 3820, General Code (R. S., 1536-213).