TEXAS BITULITHIC CO. et al. v. ABILENE ST. RY. CO. (No. 7838.)†

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 21, 1914. On Rehearing, April 25, 1914.)

1. STREET RAILROADS (§ 37*)—PAVING—DUTY OF STREET RAILWAY.

Where the charter of a street railway company required it, at its own cost, to pave that portion of the street it occupied in the same manner as the city might pave the remainder, the railway company has the right to reasonable notice of a contemplated improvement, and to either pave the street itself, or itself to contract for the paving.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 103, 105, 126; Dec. Dig. § 37.*]

2. STREET RAILROADS (§ 37*)—PAVING—RECOVERY OF COST—PETITION.

The petition, in an action by a municipality to recover from a street railway the cost of paving that portion of the street occupied by the railway, should disclose the width of the pavement and the length of the street, so that the court can determine the amount to which the city is entitled, and whether that amount is within its jurisdiction.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 103, 105, 126; Dec. Dig. § 37.*]

3. MUNICIPAL CORPORATIONS (§ 486*)—PUBLIC IMPROVEMENTS—STREETS—NOTICES — "ABUTTING."

The provision of Rev. St. 1911, art. 1013, which is a part of that chapter providing for the improvement of streets, including the portion occupied by street railways, that no assessments for an improvement shall be made against any abutting property until a full and fair hearing shall have first been given to the owners does not apply to the property of a street railway company, the term "abutting" not even in its larger sense including such property, although a further provision of the article that the governing body of any city making improvements shall by ordinance adopt rules and regulations providing for hearings to property owners and giving notice does apply to street railroads (citing Words and Phrases, vol. 1, pp. 50, 51).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1084–1090, 1161; Dec. Dig. § 486.*]

4. CONSTITUTIONAL LAW (§ 290*)—DUE PROCESS OF LAW.

A paving assessment against the property of a street railway company, made under Rev. St. 1911, art. 1013, where the company was given no notice or opportunity for hearing on the amount of the assessment and the benefits, is void, because working a deprivation of property without due process of law contrary to Const. art. 1, § 19, and federal Const. amend. 14, for, despite Const. art. 1, § 17, reserving to the Legislature power to regulate and control corporations, a paving assessment against the property of a corporation is void where it exceeds the benefits, or the corporation is not given a hearing.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 871–875; Dec. Dig. § 290.*]

5. COURTS (§ 91*) — PRECEDENCE — CONTROLLING PRECEDENCE.

Where the decisions of the Supreme Court are conflicting, the Court of Civil Appeals is bound by the last one.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. § 91.*]

Conner, C. J., dissenting on rehearing.

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by the City of Abilene, joined by the Texas Bitulithic Company, against the Abilene Street Railway Company. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Dabney & Townsend, of Dallas, Harry Tom King, of Galveston, and H. N. Hickman, of Abilene, for appellants. J. M. Wagstaff and S. P. Hardwicke, both of Abilene, for appellee.

CONNER, C. J. The city of Abilene, joined by the Texas Bitulithic Company, filed

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

166 S.W.—28     † Application for writ of error pending in Supreme Court.

its petition in the district court to enforce the payment of the costs of paving certain streets specified in the petition between the rails of the appellee street railway company and for 24 inches on each side thereof. As alleged, the city of Abilene by its governing board duly ordered the pavement of the streets and complied with the requirements of chapter 11, tit. 22, in terms conferring authority upon cities accepting the benefits thereof to make street improvements and levy assessments such as now resisted. The petition further alleged that the street railway company was incorporated under the laws of the state of Texas, and as assignee was operating under a charter theretofore granted by the city to one John H. Morrow, in which it was provided that, in event the city of Abilene should pave any street on which the railway should be constructed, "then the said John H. Morrow, associates or assigns, shall at their own expense and without cost to the city of Abilene, Texas, pave that portion of the street occupied by said railway company with the same material and in the same manner as the city of Abilene paved said street, or part of street, on each side of said railway; the part occupied by said railway being herein defined to be the space between each end of the ties used by said street railway company." There are numerous other allegations not deemed necessary to recite. The trial court sustained a general demurrer to the petition, and the plaintiffs, having declined to amend, dismissed the suit.

[1, 2] The petition seems founded upon two grounds for recovery. The first arises out of the terms of section 5 of the Morrow Charter, which we have quoted in part, and on this phase of the petition at least we think it is subject to the general demurrer urged. It is true that, by the acceptance of the charter with such provisions, the railway company agreed to do certain things; but the city's right of recovery, if any, is upon the contract, or for damages because of its breach. It therefore becomes important on this branch of the case to consider the scope of the contract. It is in substance that the street railway shall, at its own cost, pave that portion of the street "occupied" between the ends of the ties "with the same material and in the same manner as the city of Abilene paves said street." The railway company did not agree that the city, as is alleged was done, might itself, or by contractor, do the work, and that the street railway company would thereupon pay the city or contractor the cost of the paving, as fixed by it or him. Under its contract the railway company had the right to reasonable notice of the contemplated improvement, and then to either itself pave the part of the street occupied by it, or to itself secure contract therefor on the most favorable terms. No opportunity to so do is alleged. It is

doubtless true that under the section of the charter under consideration the city, in the exercise of its police powers, might pave or secure the pavement of that part of the street occupied by the railway in event the railway company, after due notice and request, should refuse to comply with its charter contract; but in that event the right of the city to recover the costs of paving would be by the way of damages for a breach of the contract, and no such cause of action is asserted. Moreover, the petition entirely fails to disclose the distance between the ends of the ties, or the length of the paving, or to give any other data from which a court could determine the amount of the recovery on this ground to which the city was entitled. It should at all events be made to appear that the amount was within the jurisdiction of the court in which the suit was filed.

There yet remains for consideration, however, the larger asserted right of recovery by virtue of the terms of chapter 11, tit. 22, of the Revised Statutes, before referred to. This right is resisted in behalf of appellee on the theory that chapter 11, tit. 22, of the Revised Statutes is void and unconstitutional, in that neither the legislative act, nor the ordinance, nor other proceeding set forth in the petition of the city of Abilene make any provision for or allege any notice to appellee of a hearing, before making an assessment against it, at which it would have an opportunity to be heard concerning the benefits of the proposed improvement in the enhanced value of its property, and because said acts, ordinances, and proceedings as set forth in the petition show no provision for limiting or restricting the amount which might be assessed against the railway company to the amount of the benefits received by it because of said improvements. It is insisted that, without such provision, an enforcement of the assessment declared upon amounts to the taking of the property of the street railway company without due process of law, in violation of section 19, art. 1, of the Constitution of this state, reading: "No citizen of this state shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by due course of the law of the land"—and in violation of the fourteenth amendment to the Constitution of the United States, reading, so far as applicable, that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The question thus presented is an important one, and has engaged our thoughtful consideration.

Article 1006 of the chapter referred to provides that such cities "shall have power to

improve any street, avenue, alley, highway, public place or square, or any portion thereof, within their limits, by filling, grading, raising, paving or repaving the same in a permanent manner," etc. Article 1008 of the chapter confers upon the governing body of the city the power to order the improvement of any highway therein or part thereof, and "to select the materials and methods for such improvement, and to contract for the construction of such improvements in the name of the city, and to provide for the payment of the costs of such improvement out of any available funds of the city, or as herein provided." The next article, 1009, provides that: "The cost of making such improvements may be wholly paid by the city, or partly by the city and partly by the owners of property abutting thereon: Provided, that in no event shall more than three-fourths of the cost of any improvement, except sidewalks and curbs, be assessed against such property owners or their property; but the whole cost of construction of sidewalks and curbs in front of any property may be assessed against the owner thereof or his property." The next article, 1010, declares that: "Subject to the terms hereof, the governing body of any city shall have power to assess against the owner of any railroad or street railway occupying any highway ordered to be improved, the whole cost of the improvement between or under the rails and tracks of said railroad or street railroad and two feet on the outside thereof, and shall have power, by ordinance, to levy special tax upon said railroad, or street railroad, and its roadbed, ties, rails, fixtures, rights and franchises, which tax shall constitute a lien thereon superior to any other lien or claim, except state, county and municipal taxes and which may be enforced, either by sale of said property in the manner provided by law in the collection of ad valorem taxes by the city, or by suit against the owner in any court having jurisdiction. The ordinance levying said tax shall prescribe when same shall become due and delinquent, and the method or methods of enforcing the same." Save as may be implied from what we hereinafter state, the petition sufficiently shows, as against a general demurrer at least, a full compliance on the part of the city of Abilene with the articles cited.

[3] The provisions of the chapter referring to the subject of a hearing and notice before assessments for the cost of street improvements is found in article 1013, which reads as follows:

"No assessment of any part of the costs of such improvement shall be made against any property abutting thereon or its owner, until a full and fair hearing shall first have been given to the owners of such property, preceded by a reasonable notice thereof given to said owners, their agents or attorneys. Such notice shall be by advertisement inserted at least three times in some newspaper published in the city, town or village, where such tax is sought to be levied, if there be such a paper there; if not, the nearest to said city, town or village, of general circulation in the county in which said city is located, the first publication to be made at least ten days before the date of the hearing. The governing body may provide for additional notice cumulative of notice by advertisement. Said hearing shall be before the governing body of such cities, at which hearing such owners shall have the right to contest the said assessment and personal liability, and the regularity of the proceedings with reference to the improvement, and the benefits of said improvement to their property, and any other matter with reference thereto. But no assessment shall be made against any owner of abutting property or his property in any event in excess of the actual benefit to such owner, in the enhanced value of his property, by means of such improvement, as ascertained at such hearing.

"The governing body of any city making improvements under the terms hereof shall, by ordinance, adopt rules and regulations providing for such hearings to property owners, and for giving reasonable notice hereof."

The petition alleges full compliance with the chapter, and hence evidently with the requirements of the article just quoted. The article, however, is apparently for the benefit of abutting owners upon streets, and has no direct reference, if any, to a railway company occupying the street. In an enlarged sense, it might possibly be said, as provided in the Code of Iowa (see 1 Words and Phrases, tit. "Abutting," p. 51), that a street railway company is an abutting owner within the meaning of article 1013 of our statutes just quoted; but appellants seem to concede that such meaning is not to be given to such terms in the article, and it has been expressly held that a city charter authorizing the assessment of lands "abutting" on a street for improvements does not apply to a railroad right of way which lies wholly within the street. Indianapolis, etc., Ry. Co. v. Capital Par. & Constr. Co., 24 Ind. App. 114, 54 N. E. 1076. It was also held, in So. Park Com. v. C., B. & Q. Ry. Co., 107 Ill. 105, that an act authorizing assessment for the improvement of public streets upon "contiguous property abutting" upon such streets cannot be construed to include and authorize the assessment of right of occupancy, franchises, property, and interest of a railroad corporation in a street which had been improved. Moreover, it may be said, and perhaps should be said to avoid a declaration that the chapter is wholly invalid, that the last paragraph of article 1013, in requiring cities of the class mentioned to adopt by ordinances, "rules and regulations providing" for reasonable "notice" and "hearing" to property owners, sufficiently provides for notice to and

hearings of the owners of a street railway. But appellants expressly admit in their brief "that there are no provisions made in the ordinances of the city of Abilene for a notice to, or hearing of, a street railway company, nor was any such hearing given," and that, if "under the facts a street railway company holding a franchise from the city under a grant by ordinance permitting it to occupy its street for its private profit, is under the statutes and laws of Texas, entitled to a notice and hearing as to benefits in the enhanced value of its property before assessment, the assessment in this case is admittedly void." So that in our determination we shall treat the plaintiffs' petition as the parties and the court below treated it, viz.: As founded upon the assumption that it is wholly unnecessary for either the ordinances of the city of Abilene or the act of the Legislature to make provision for notice to or a hearing of a street railway corporation occupying a portion of the street ordered improved, and upon which an assessment as provided in the statute is made.

That such notice to and opportunity for hearing of the owner of land abutting upon a street is a vital requirement has been settled by our Supreme Court in the case of Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, relied upon by the court below, and which follows the decision of the Supreme Court of the United States in the case of Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443; and we have concluded that there is no just ground for a distinction in respect to the right to notice and opportunity for hearing between the street railway company occupying the street and an owner of abutting lands, and hence that on the main question presented the judgment of the court below was also correct.

While our Constitution (section 17, art. 1) expressly reserves to the Legislature the power to regulate and control corporations incorporated under the general laws of the state, and while there are many authorities in such cases to the effect that the determination of the benefits to accrue to and the extent of an assessment to be made upon a railway company occupying a street ordered paved by a city in the exercise of its police powers is wholly a matter of legislative discretion, it was nevertheless distinctly held, in the case of Hutcheson v. Storrie, already cited, that no such assessment could be made in excess of the benefits to be conferred, and that a charter which did not afford an abutting landowner an opportunity to be heard upon questions of interest to him relating to the improvement was void. It cannot be disputed that a corporation is entitled to an equal protection of its property with the citizen within the meaning of our constitutional provisions. The right asserted in appellants' petition is in its nature an absolute one. If, in the exercise of the power reserved by the section of the Constitution referred to, the Legislature or city acting under its authority may arbitrarily assess the cost of an improvement of a part of the street, it can as well so assess against a railway company occupying a street the entire cost of its pavement, without right on its part of having voice in the matter of contract, persons, material, or other thing of importance involved in making the improvement, and regardless of any question of benefit or injury to the railway company. This, if we have properly interpreted the case of Hutcheson v. Storrie, cannot be done in this state. Thence the plaintiffs' petition at least was fatally defective under the admissions made, and subject to the general demurrer.

[5] Before finally concluding this opinion, however, we should perhaps notice the case of Storrie v. Houston City Street Railway Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716, so earnestly relied upon in behalf of appellants in aid of their petition. This decision was also by our Supreme Court, and the opinion was written by the same eminent judge who wrote the opinion in Hutcheson v. Storrie. It is perhaps inferable from the face of the two opinions that the same provisions of the city's charter were involved in both cases, and yet in the case last cited the liability of the street railway company for the costs of paving certain streets between the rails of the railway and six inches on each side thereof was expressly upheld, without indicating that a notice to or hearing of the company was necessary. It may be said that the question decided in Hutcheson v. Storrie was not presented in Storrie v. Houston City Street Ry. Co.; but the question was, it seems to us, necessarily involved, and the cases, therefore, are in principle apparently in conflict. The Hutcheson Case makes no reference to the case against the street railway company, and we have felt some difficulty in disposing of the two opinions. But an examination of the opinions shows that the opinion in Storrie v. Railway Company was rendered a year earlier than the opinion in Hutcheson v. Storrie, and is apparently in harmony with the decision in Adams v. Fisher, 75 Tex. 657, 6 S. W. 772, which is expressly repudiated in the later case; the court indicating its pleasure in following the contrary rule announced in the case of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, also decided several months after the decision in Storrie v. Ry. Co., and therefore evidently not available when our Supreme Court decided the first case. So that, on the whole, we conclude, as already indicated, that in so far as the cases conflict we must give controlling effect to the latest expression of our Supreme Court in Hutcheson v. Storrie.

It is accordingly further concluded that the court did not err in sustaining the general de-

murrer to appellants' petition, and that the judgment should be affirmed.

On Rehearing.

PER CURIAM. Rehearing denied.

CONNER, C. J. (dissenting). The majority are of the opinion that the motion for rehearing should be overruled; but I find myself unable to agree to such course. In the beginning it was with much hesitation that I came to the view expressed in our original opinion, and after a reconsideration, aided as we have been by the able and painstaking effort of appellants' counsel, my original doubts have not only increased, but I have become convinced that we erred in the conclusion announced on the main question in the case. Time and opportunity admit of but a brief presentation of my present view; but, as it now appears to me, we erred in giving controlling effect to the case of Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, and in not giving proper application of section 17 of our Bill of Rights, which provides, among other things, that: "No irrevocable or uncontrollable grant of special privileges or immunities shall be made; but all privileges and franchises granted by the Legislature, or created under its authority, shall be subject to the control thereof."

No such provision of our Constitution or law has application to a private owner of lots abutting on a street occupied by a street railway which the governing body of the city has determined to improve, and a distinction between the two classes of property should be made. As to the private owner, as held in Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884, and as expressly provided in the chapter relating to the subject (R. S. c. 11, tit. 22), notice and opportunity for a hearing to determine the extent of the benefits to the owner must be extended. But neither that decision nor the statute is in terms made applicable to the owner of a street railway. The failure of the statute to so provide seems especially significant in view of the conceded fact that it was enacted after the decision in Hutcheson v. Storrie in order to conform therewith. It is hardly to be supposed that in so legislating the case of Storrie v. Houston City Street Ry. Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716, in apparent conflict with Hutcheson v. Storrie, was wholly overlooked by our legislators. It also is not to be assumed that the decision in Storrie v. Houston City Street Ry. Co. was overlooked by the careful, able judge who wrote both opinions. Hence I now think the case of Hutcheson v. Storrie should be limited to the facts of that particular case (which was that of an abutting owner), as has been done in the case upon which it was founded. See French v. Barber Asphalt Co., 181 U. S.

324, 21 Sup. Ct. 625, 45 L. Ed. 879, loc. cit. p. 890.

But, as to the Abilene Street Railway Company, I think the case of Storrie v. Houston City Street Ry. Co. should be applied to the facts alleged in this case. It is alleged that the special tax assessment now resisted was levied in strict accordance with chapter 11, tit. 22, of the Revised Statutes. The railway company is a public service corporation that exists and exercises its rights and privileges by virtue of the law alone. It accepted its franchises from the city of Abilene, and has continuously since then exercised its privileges with full knowledge that our Constitution expressly provided that it, and all like corporations, was subject to the control of the Legislature, thus, in effect, agreeing in advance to the imposition of such additional burdens as the Legislature might thereafter in its discretion impose. The Legislature in fact has declared a fixed rule, not unreasonable on its face, by which the special assessment under consideration was made; the Legislature in effect determining the question of benefits. The power to so do is very generally upheld by the authorities. See French v. Barber Asphalt Co., hereinbefore mentioned, and the numerous cases therein cited. Moreover, it does not appear, either by the petition in this case or from any answer, that the assessment under consideration is unreasonable, or that in the proceeding leading up thereto there was any irregularity, inequality, or other thing of which just complaint can be made. If there was, the statute itself provides the remedy. See chapter 11, art. 1015. So that I see no reason, either beneficial or available, for other or further notice of the assessment than was afforded by the enactment and publication of the legislative act and of the ordinance for the improvement. See Hagar v. Reclamation District, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; Spencer v. Merchant, 125 U. S. 345, 8 Sup. Ct. 921, 31 L. Ed. 763; Parsons v. Dist. of Columbia, 170 U. S. 45, 18 Sup. Ct. 521, 42 L. Ed. 943. In brief, under the section of the Constitution quoted, I think special assessments as alleged in this case may be made, and that the law so authorizing as now written in no wise conflicts with the "due process" clauses of our state and federal Constitutions. On the contrary, these laws seem but to impose upon street railway companies using for profit public streets of a city, a just proportion of the burden necessarily incurred in improving and safeguarding such streets for the benefit of all. I conclude that the court erred in sustaining appellee's general demurrer, and that the motion for rehearing should be granted, and that the cause should be remanded for a trial upon the merits. See the following cases, which are thought to support the foregoing conclusions: Storrie v. Houston City Street Ry. Co., 92 Tex. 129, 46 S. W. 796,

44 L. R. A. 716; Sioux City Street Ry. Co. v. Sioux City, 138 U. S. 98, 11 Sup. Ct. 226, 34 L. Ed. 899; Kettle v. City of Dallas, 35 Tex. Civ. App. 632, 80 S. W. 874; Fairhaven Street Ry. Co. v. City of New Haven, 203 U. S. 379, 27 Sup. Ct. 74, 51 L. Ed. 237; Eldredge v. Trezevant, 160 U. S. 452, 16 Sup. Ct. 345, 40 L. Ed. 490; West Chicago Street Ry. Co. v. Illinois, 201 U. S. 506, 26 Sup. Ct. 518, 50 L. Ed. 845; C., B. & Q. Ry. v. Illinois, 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175; Const. of Texas, art. 1, § 17; Revised Statutes 1911, c. 11, arts. 1006 to 1017, inclusive.

In accordance with the conclusion of the majority, however, it is ordered that the motion for rehearing be overruled.