Gaines, Associate Justice.
Appellee having served a term as city attorney of the city of Austin, brought this suit to recover of the appellant the sum of nine hundred and twenty-one dollars and forty-six cents, alleged to have accrued to him as part of his compensation during his term of office. The amount claimed is ten per cent of the money collected for the city as fines during the period mentioned.
There was a special exception filed to the petition, upon the ground that the ordinance of the city council under which appellee claimed, was not sufficiently pleaded. The court below overruled the exception and that ruling is now assigned as error. The ordinance is pleaded as follows; “Petitioner further charges, that under and by virtue of article 103 of the ordinances of said city of Austin, approved February 15, 1878,. which was in force and effect during the whole period of petitioner’s incumbency of said office, he, as city attorney, was entitled to receive ten per cent upon all sums of money collected by defendant as fines imposed in the mayor’s court of the city of Austin for the violations of the ordinances of said city.” The courts do not take judicial knowledge of the ordinances of munciipal corporations. They stand upon the same footing as private and special statutes, the laws of other States and of foreign countries, and must be averred and proved like other facts. (Green v. Indianapolis, 22 Indiana, 192; People v. The Mayor, 7 How. Pr., 81; Harker v. The Mayor, 17 Wend., 199.) In pleading private statutes, the common law practice was to recite so much of the act as was pertinent to the issue made. (1 Chitty Plead., 216, 2 Id., 391; Bacon’s Abridg., “Statute L, 2”; Gould’s Pl. 46, note 3; Walker v. Maxwell, 1 Massachusetts, 103.)
The same strictness should not be required under our systems, as was demanded by the rigid rules of the common law. ' Yet *512 the substantial principle must be complied with, that a party in order to recover must make known to the court through his pleading and by his proof, every law and fact essential to support his action, of which the court does not take judicial notice; and his pleading should state the facts and not the conclusions the pleader deduced from them. The petition in this case fails to advise the court of the contents of the ordinance relied upon, either by quoting its language or stating the substance of its provisions. It is simply averred in effect, that by virtue oi article 103, plaintiff was entitled to receive ten per cent upon money collected from fines by thé city. This is a conclusion oi law purely; and is not sufficient. The contents should have been stated so that the court could judge from the provisions oi the ordinance itself whether plaintiffs was entitled to recover the commission claimed or not. (Walker v. Maxwell, supra; Carey v. R. R. Co., 5 Clarke, Iowa, 357.)
The exception to the petition was well taken and should have been sustained. For the error of the court in overruling it, the judgment must be reversed.
With a view, however, to another trial, we will pass upon the other questions presented by the appeal. It is contended by appellant that ordinance 103 was impliedly repealed by a subsequent ordinance passed July 1, 1878. But both these were incorporated as article 103 and article 491 (2) into a revision of the city ordinances which were adopted by the council July 31, 1878. Their provisions are not necessarily repugnant to each other; and, therefore, both must stand. The first gives the city attorney commissions on money collected; the other gives him a salary and fixes his fees in special cases.
Since the original article 491(2) did not repeal article 103, we do not see that the substituted article 491(2), passed in 1880, could have that effect. The amendment is not more inconsistent with article 103 than was the original, and does not purport to repeal any ordinance except that for which it is the substitute.
It is further contended, on behalf of the city, that appellee should not recover in any event more than ten per cent upon such sums as he actually assisted to collect. The argument in Support of this construction is, that to give the city attorney a. commission upon moneys in the collection of which he rendered Ao service would be to give him a mere gratuity, which it is to be presumed the city council did not intend. But to this, it must be replied, the language of the ordinance is plain, and embraces *513 all money collected for the city, without reference to the question whether he contributed to its collection or not. In such case the language can not be limited, unless the literal import of the words should be so clearly repugnant to reason and justice as to manifest that the makers of the law did not intend that they should be construed in their most comprehensive sense. It may be that the council considered that the salary allowed the city attorney was inadequate, and being unwilling to charge' a larger sum upon its fixed revenues, it deemed it expedient to allow him a part of the money collected from fines, although in many cases he would be called upon to do no service in promoting the collection. They may also have intended this allowance, in part, at least, to encourage the activity of the city attorney in prosecuting offenders, and in collecting the fines when imposed. But, however that may be, as was said in Austin v. Johns, 62 Texas, 179, in construing the ordinance in question, “The terms are broad and unequivocal. * * Our duty is to construe the law. We can not add to it or take from it.”
Opinion delivered June 17, 1887.
We are of opinion that the court below did not err in holding the ordinance under which appellee claims in full force, or in the construction placed upon it. But for the error in overruling-the exceptions to the petition the judgment is reversed and the cause remanded.

Reversed and remanded.