BEATTY v. PANHANDLE CONST. CO.*
(No. 2529.)

(Court of Civil Appeals of Texas. Amarillo. June 24, 1925. Rehearing Denied. Oct. 7, 1925.)

I. **Appeal and error** ⬦⇒931(5)—Presumed that trial judge had copy of city charter before him when he made finding.

Though there be no copy of city charter in statement of facts, it will be presumed that trial judge had copy before him when he made his findings.

2. **Municipal corporations** ⬦⇒459—Charter limitation on amount of assessment for street improvements held not in contravention of general statute.

Section 15 of the new charter of the city of Lubbock and Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i, limiting assessment of paving improvements against abutting owners to three-fourths of cost, held not to contravene or override paving statute, Acts 1st Ex. Sess. 1909, c. 14, providing that such charge shall not exceed benefits derived by such property, inasmuch as charter did not provide that benefits to property shall not be the limit of such charge.

3. **Municipal corporations** ⬦⇒466—Paving assessment must not exceed benefits.

It is a well established law that the cost of paving to be charged against abutting property shall never exceed the benefits derived by such property by reason of the paving.

4. **Municipal corporations** ⬦⇒455—Property owner must have opportunity for hearing on question of benefits from paving.

A party against whose property a lien is sought to be fixed and against whom a charge is to be made for paving improvements must have the opportunity to have a hearing upon whether such benefits are equal to or exceed the cost of paving.

5. **Municipal corporations** ⬦⇒455—Abutting owners, not appearing at hearing on question of benefits from paving, waive right to further hearing.

When, under ordinance providing for contract and assessment for paving improvements, provision was made for hearing upon benefits to be derived therefrom by abutting property, and notice is given to property owners and they had a full opportunity to be heard but have not appeared and contested the question, they waived right to be heard further.

6. **Municipal corporations** ⬦⇒455—Notice of hearing on assessment by publication sufficient.

A notice by publication, under statute and ordinance, as to time of hearing on benefits from street improvement, is sufficient without personal service.

7. **Municipal corporations** ⬦⇒451—Failure to have inquiry as to benefits before assessment will not invalidate assessment.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1014, empowering city to correct mistake in assessing property for paving, held, it was not legislative intent that failure to have an inquiry as to benefits derived by abutting property prior to assessment therefor should invalidate assessment proceedings.

8. **Constitutional law** ⬦⇒290(3)—Setting hearing after assessment for paving held not violation of due process clause.

Where right was provided for contest of assessment and for its correction, setting of a hearing as to benefits derived therefrom after levy of assessment did not violate due process clause of Constitution.

Appeal from District Court, Lubbock County; Parke N. Dalton, Special Judge.

Suit by the Panhandle Construction Company against Geo. L. Beatty. Judgment for plaintiff, and defendant appeals. Affirmed.

Vickers & Campbell, of Lubbock, for appellant.

Homer L. Pharr and Bledsoe & Woodward, all of Lubbock, for appellee.

RANDOLPH, J. This suit was brought by the Panhandle Construction Company against Geo. L. Beatty to recover upon two paving certificates issued by the city of Lubbock to the plaintiff for paving the streets upon which a certain lot in the city of Lubbock abutted. Judgment was rendered by the trial court, without the intervention of a jury, in favor of plaintiff, and defendant has appealed to this court to have such judgment reviewed.

Appellant has, by various propositions, attacked the charter, provisions, and ordinances of the city of Lubbock, and has also attacked the assessment made against him in the matter of the paving of the street upon which his lot abuts, for the reasons: (1) That there was no discretion exercised in charging the cost of such paving in proportion to the benefits to the abutting property; (2) that the organic law of the city of Lubbock directed its commission to improve the streets abutting appellant's property, and to charge said property with three-fourths of the cost of such paving regardless of the benefits to such property; (3) that the incorporation and charter of the city of Lubbock as a city of over 5,000 inhabitants, on December 27, 1917, under chapter 17, title 22 of Vernon's Sayles' Statutes superseded the old incorporation of 1911, and that it appeared therefrom that said new incorporation had jurisdiction, power, and control over its streets and to improve them, and directed the commission to improve such streets and charge three-fourths of the costs against the abutting property, wherefore, it cannot be said that such commission refused to proceed under such new charter, and the court erred in rendering judgment for the plaintiff, based on the pleading that the commission's assessment was not under the 1917 incorporation, but under the old incorporation, incorporated under and by virtue of chapter 17, title 22 of Vernon's Sayles' Statutes; that the imposition of the penalty in the form of an attorney's fee was not provided for by chapter 17, title 22, and that the judgment for attorney's fees was not authorized by law; that the paving certificates sued upon are payable in one and two years, and are not payable in five annual payments, as required by law.

The defendant, as appears from the record, made the following admission on the trial of this case.

"Defendant admits that by an ordinance legally passed, and in compliance with the statutes of this state, the then governing body adopted the general paving law so as to be applicable to improvements of the streets of the city of Lubbock; that the ordinance was adopted October 12, 1911, and was approved by F. E. Wheelock, as mayor, on the same day; that the prerequisites for the ordering of the election for the adoption of the general paving law, being chapter 14 of the Acts of 1909, were complied with and the election regularly held and proper returns made and canvassed by the city council."

[1] The charter or incorporation by virtue of which the city of Lubbock existed at the time of the adoption of the general paving law, as above stated, was amended or changed by the acceptance of a new charter as stated in 1917. The question presenting itself is, did the adoption of this new charter by the city of Lubbock abrogate the adoption of the paving law under the former incorporation? The trial court found that the charter adopted in 1917 expressly provides that all ordinances of the city of Lubbock prior to said date and then in force shall continue in full force until repealed. There is no copy of the city charter in the statement of facts, but it will be presumed that the trial court had a copy before him when he made this finding. Dillon v. Whitley (Tex. Civ. App.) 210 S. W. 329.

[2] Taking the express adoption of the paving statute along with the provisions of the city charter, there is nothing to force the conclusion that the provisions of this charter were intended to override the provisions of the general law. There is one section of the charter which appears in the record, which section is in words as follows:

"Street Powers.

"Section 15. The city of Lubbock shall have exclusive dominion, control and jurisdiction in, upon, over and under the public streets, avenues, alleys and highways of the city to provide for the improvement thereof by paving, raising, grading, draining or otherwise, and to charge the cost of making such improvement against the abutting property, by fixing a lien against the same and a personal charge against the owner thereof, and to provide for the issuance of assignable certificates covering the payment for said improvement; provided, that in no event shall more than three-fourths of the cost of such improvements be charged to the owner and made a lien against said abutting property; it being further provided that all street railways, steam railways and other railways shall pay the entire cost of improving and maintaining said streets, avenues, alleys and highways between the rails and tracks of any such railway companies, and for a distance of two feet on each side thereof. The city of Lubbock shall further have the power by ordinance to require the abolition, by steam railways operating across the streets, avenues, alleys and highways of said city, of grade crossings, provided that no railway company shall be required to abolish more than one grade crossing in said city in any one year, and provided further, that such ordinance or resolutions as may be adopted by the governing authority of said city requiring the abolition of grade crossings may provide for either the total expense of the abolition of such grade crossing to be borne by the railway company, or, as in the judgment of the governing authority may

seem just and equitable under the circumstances, may provide for respective portions of such expense to be borne by the city of Lubbock and by said railway company."

It will appear from this section that the cost of making such improvement against the abutting property was limited to three-fourths of the cost of such improvement to be charged to the owners, but there is nothing which provides that the benefits to the property shall not be the limit of such charge; and the statute providing that such charge shall not exceed the benefits derived by such property, the charter, as it appears from the finding of the court and this section, does not contravene the statute.

The ordinance under which the paving work was done contains the following provision:

"III. That the amounts to be assessed against such property owners shall, on each portion of streets named to be improved, be pro rated according to the front foot plan or rule; that is, in proportion as the frontage of each piece or parcel of property is to the total frontage on such street. And the costs of making and constructing such improvements on each portion of streets named to be improved shall be considered independent of the cost of making and constructing such improvements on each and every other street, and, provided that if the application of the said front foot plan shall in any case in the opinion of the commission result in injustice or inequality to any owner and his property, then the commission will adopt for the street on which such property abuts, such rule ·or apportionment as shall result in substantial justice and equality considering burdens imposed and the benefits received. * * *

"V. That the hearing shall be given to the owners of such abutting property, their agents and attorneys, and to any one else interested in the said property or said improvements, or the contract therefor, or the cost or benefits thereof, or the manner in which such costs shall be paid or the proceedings with reference thereto, or who may be in anywise concerned or interested in said improvements, contract, assessments, proceedings or in any matter or thing in anywise connected therewith, or incident thereto, which said hearing shall be had on the 18th day of May, 1920, at 2 o'clock p. m. in the city office in the county courthouse in the city of Lubbock, Texas. Which said hearing shall be continued from time to time and from day to day as long as may be necessary and until all desiring to be heard shall be fully and fairly heard; and at which hearing any mistakes, irregularities or invalidities. in any of the proceedings with reference to the making of said improvements, contract or assessments may be corrected, and the benefits by means of said improvements and all sums to be assessed against such abutting property and the owners thereof will be determined and the apportionment of the cost of said improvements will be made. And after all desiring to be heard have been duly and fairly heard, the said hearing will be closed, and thereafter assessments will by ordinance and in accordance with law be levied against said abutting tracts or parcels of land and the true owners thereof, whether such owners be correctly named herein or not."

After the assessment, notice was duly given by publication in the newspapers published in Lubbock, as required by the ordinance, and also by notices mailed to plaintiff that a certain date was set for hearing whether or not such assessments were in excess of the benefits derived by the abutting property.

The defendant testifies that he read the notice in the paper, but denied that there was ever any personal service. He read the notice as published in the paper, and called on the city secretary and wanted to see the record, which was shown him by the secretary. When the hearing was held the appellant did not appear and participate for any purpose.

Appellant earnestly insists that we read and digest the opinion of Judge Brown in the case of Hutcheson v. Storrie, 92 Tex. 689, 51 S. W. 848, 45 L. R. A. 289, 71 Am. St. Rep. 884. This we have done, and from our reading we understand that that case overrules the case of Adams v. Fisher, 75 Tex. 657, 6 S. W. 772, and also we gather from that opinion that the Supreme Court holds: (1) That the Legislature of a state cannot authorize a municipal corporation to assess upon abutting property the cost of · public improvement in a sum materially exceeding the special benefits which that property may derive from the work; (2) that the Legislature of a state cannot confer upon a municipal corporation the authority to make such assessment conclusive upon the owners without giving an opportunity to contest the question of benefits; (3) that because the assessment was made under a law that did not afford property owners the opportunity to be heard, nor empower the city authorities to consider the question of benefits, the assessment was nullity.

[3, 4] We have no reason to differ from the holding of this decision in the Hutcheson Case. We think it is well established as the law of this land: (1) That the cost of paving to be charged against abutting property shall never exceed the benefits derived by such property by reason of the paving; (2) that a party upon whose property a lien is sought to be fixed, and against whom a charge is to be made, must have the opportunity to have a hearing upon the question as to whether such benefits are equal to, or exceed the cost of such paving.

It is clear from the record in this case that the general paving statute was adopted by the voters of the city of Lubbock, and became a part of the city's laws for the conduct of its paving business; that it was carried forward and became a part of the laws of the city under the 1917 charter; that a full opportunity was given to the defendant to have a hearing upon the matter of benefits to be derived from such paving, and that he refused to appear to make such proof.

[5, 6] The making of the paving contract and assessment before the hearing did not render them invalid. When, under the ordinance providing for such contract and assessment, due provision is made for a hearing upon the benefits to be derived by the abutting property therefrom, and notice is given to such property owners, and they have a full opportunity given them for a hearing, and have not appeared and contested the question, they have waived any right to be heard further. Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631. The notice by publication provided by statute and in the ordinances is sufficient without personal service. Elmendorf v. City of San Antonio, supra.

[7, 8] Article 1014, V. S. C. S., expressly provides that a governing body of any city shall be empowered to correct any mistake and to reassess against the abutting property on such pavement the cost or part cost of improvements. As the Legislature provided the power of correction and provided for a hearing, certainly it never intended that the failure to have the inquiry prior to the assessment should invalidate the proceedings. Having the right provided for a contest of such assessment and for the correction of same, the setting of a hearing after the assessment does not violate the constitutional guarantee that a person's property shall not be taken except by due process of law. The ordinance upon which such paving as herein was done also authorized such adjustment and correction.

A special assessment must not exceed the amount of benefits upon the property sought to be charged, and such special assessment may be levied before the amount of compensation to the owner is ascertained. City of Dallas v. Atkins (Tex. Civ. App.) 197 S. W. 595, affirmed in 110 Tex. 627, 223 S. W. 170.

Under the provisions of the ordinances, the judgment for attorney's fees was fully warranted as rendered by the court.

It is ordered that the judgment of the trial court be in all things affirmed.