**POWER et al. v. CITY OF BRECKENRIDGE.**
(No. 242.)

(Court of Civil Appeals of Texas. Eastland.
Feb. 11, 1927.)

1. **Pleading** ⊗⊃8(2)—**Special laws and ordinances must be pleaded at least by substance and allegations as to effect are conclusions.**

The general rule is that special laws and ordinances of a city should be pleaded at least by substance, and general allegations as to their effect are legal conclusions, and subject, at least, to be stricken out on special exception thereto.

2. **Municipal corporations** ⊗⊃567(6)—**City must plead and prove every step necessary to valid assessment was taken (R. S. 1925, art. 1090).**

In suit by city based on original assessment for street improvements, rather than on assignable certificate, under R. S. 1925, art. 1090, city must plead and prove that all steps were taken which were required by law, in order to make a valid assessment.

⊗⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Municipal corporations ⬥484(1)—Recitations in ordinance levying street assessment of notice and opportunity for hearing are prima facie evidence thereof.**

Recitations in ordinance levying assessment for street improvements of due notice of proposed assessment and of opportunity for hearing thereon are prima facie evidence of those facts.

**4. Husband and wife ⬥268(1)—Married woman is not liable for street assessment on community property.**

Married woman is liable for obligations in respect to her separate property, but is not liable for community debts, and therefore not liable for street assessment on community property.

**5. Municipal corporations ⬥568(1)—Proof of city's adoption of statute held necessary to show authority to make street assessment, where suit was not based on assignable certificate (Rev. St. 1925, art. 1090).**

In suit to enforce street assessment, not based on assignable certificate, under Rev. St. 1925, art. 1090, proof that governing body of city adopted provisions of statute then in force *held* necessary to show authority to make the assessment.

**6. Eminent domain ⬥288(1)—In suit to enforce street assessment, statute requiring owner to sue to correct assessment within 20 days held not to bar cross-petition for damages for change in street grade (Rev. St. 1925, arts. 1094, 1096; Const. art. 1, § 17).**

In suit to enforce street assessment, Rev. St. 1925, art. 1096, providing that property owner must bring suit within 20 days to set aside or correct assessment, *held* not to bar cross-petition by owner for damages for change in street grade because of improvement where market value of owner's property is materially decreased, in view of Const. art. 1, § 17, prohibiting taking property for public use without compensation, and Rev. St. 1911, art. 1013 (Rev. St. 1925, art. 1094), authorizing city to determine benefits, not authorizing it to determine damages.

**7. Tenancy in common ⬥55(3)—All tenants in common must join, in suit for injury to property.**

In a suit to recover damages for injury to real property, all tenants in common must join.

**8. Parties ⬥80(2)—Failure of all tenants to join, in suit for injury to property, is available only by plea in abatement.**

Fact that all tenants in common do not join in petition, in suit for injury to property, must be taken advantage of by plea in abatement.

**9. Tenancy in common ⬥55(7)—Tenant in common, suing alone, in absence of plea in abatement, may recover for injury to property proportionately to interest.**

Tenant in common, suing alone, may recover damages for injury to property in an amount proportionate to his interest in the property, when no plea in abatement is filed.

**10. Divorce ⬥322—In case of divorce without division of community property, such property is held by parties as tenants in common.**

Where husband and wife are divorced, and no division is made of community property, such property is thereafter held by them as tenants in common.

**11. Municipal corporations ⬥445—Assessment held valid, though city entered into contract for improvements by resolution.**

That contract for street improvements between city and contractor was entered into by resolution rather than by ordinance does not affect the validity of assessment therefor properly made.

**12. Costs ⬥207—Attorney's fees cannot be allowed without proof of reasonable value of services.**

In suit to enforce assessment for street improvements, attorney's fees cannot be allowed without proof of the reasonable value of the services.

Appeal from District Court, Stephens County; C. O. Homlih, Judge.

Suit by the City of Breckenridge against D. E. Power and Ella Power Mercer. Ella Power Mercer filed a cross-petition. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

A. J. Power, of Fort Worth, and Benson & Dean, of Breckenridge, for appellants.
Chas. H. Clark and Bailey W. Hardy, both of Breckenridge, for appellee.

PANNILL, C. J. At a former day of this term this case was affirmed, but more mature consideration of the case upon rehearing has brought us to the conclusion that the judgment must be reversed. The reversal will eliminate any necessity for a detailed discussion of many of the questions raised, and the original opinion will therefore be withdrawn and the following substituted:

The appellee, city of Breckenridge, brought suit to recover the amount of an assessment for street improvements made against D. E. Power on certain lots in the city of Breckenridge. The petition also sought a recovery against Ella Power Mercer, the former wife of D. E. Power, and a foreclosure of a paving lien against both appellants. The defenses interposed by the appellants will appear in the observations hereinafter made. Upon a trial before a jury, the court instructed a verdict in favor of appellee, and this appeal was prosecuted.

[1] The petition did not set out, either in hæc verba or substance, the various ordinances upon which the assessment was based, but pleaded, in general terms, a compliance with the law requisite to a valid assessment. The sufficiency of these allegations is challenged by general demurrer. The reversal obviates the necessity of passing upon this

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

matter, as upon another trial the petition can be amended so as to avoid the objections made. It is the general rule that, in pleading special laws or the ordinances of a city, the same should be pleaded, at least, by substance. The general allegations as to the effect of such ordinances or special laws are legal conclusions, and subject, at least, to be stricken out on special exception thereto. City of Austin v. Walton, 68 Tex. 507, 5 S. W. 70; City of Amarillo v. Tutor (Tex. Com. App.) 267 S. W. 697; Brush Electric Light & Power Co. v. Lefevre et ux., 93 Tex. 604, 57 S. W. 640, 49 L. R. A. 771, 77 Am. St. Rep. 898; Millican v. McNeil, 92 Tex. 400, 49 S. W. 219.

The petition does not, in direct terms, allege that appellants were the owners of the property at the time the assessment was made, nor that the property was situated within the corporate limits of the city of Breckenridge. These matters may also be corrected upon another trial.

[2, 3] No proof is made that notice of the proposed assessment and of an opportunity for a hearing was introduced, except the recitations in the ordinance levying the assessment. Due notice was therein recited. It is urged that the omission to prove that such notice was given is fatal to the judgment. In this case, the suit was not upon an assignable certificate, as provided by article 1090, R. S. 1925, which is the same article in force when the proceedings were had, but the suit was by the city upon the original assessment, and in such cases it is necessary to plead and prove that all of the steps required by law were taken in order to make a valid assessment. Still we do not think this requires independent proof that notice of the proposed assessment and opportunity for hearing thereon is required where the ordinance levying the assessment recites, as here, that such notice and opportunity for hearing were in fact given the taxpayer. It is believed that the recitations in the ordinance as to notice and opportunity for hearing are prima facie evidence of the facts recited. City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220; Irish v. State, 34 Tex. Cr. R. 130, 29 S. W. 778.

[4] At the time the assessment was made, the property belonged to the community estate of the appellants. The appellant Ella Mercer, being at said time a married woman, was not liable for community debts, and therefore not liable for an assessment for improvements on community property. The husband, as the representative of the community, is alone personally liable for community debts. Storrie v. Cortes, 90 Tex. 295, 38 S. W. 154, 35 L. R. A. 666.

The appellee, city, predicates its claim to a personal judgment against Mrs. Mercer on the decisions by the Supreme Court in the case of Spears v. City of San Antonio, 110 Tex. 618, 223 S. W. 167, and City of Dallas v.

Atkins, 110 Tex. 627, 223 S. W. 170, where it was held that a married woman is personally liable for an assessment duly made against her separate property for street improvements. It is unnecessary to comment upon the difference in these holdings or argue the matter. A married woman is liable for obligations in respect to her separate property, but, as stated, is not so liable for community obligations. There is no conflict or inconsistency in the different holdings of the Supreme Court in the two lines of cases referred to.

[5] No evidence was introduced on the trial showing that the governing body of said city had adopted the provisions of chapter 11, tit. 22, Vernon's Sayles' Civil Statutes, then in force, as provided in said chapter. As stated above, if the suit had been upon an assignable certificate as provided for in article 1090, R. S. 1925, the introduction of this certificate would be sufficient as prima facie proof that all the proceedings requisite had been taken. No such assignable certificate was pleaded and none was introduced in evidence. It therefore became necessary to show that said chapter had been legally adopted as a predicate for the authority of the city to make the assessment. Beatty v. Panhandle Construction Co. (Tex. Civ. App.) 275 S. W. 716.

The appellants' claim that the property upon which the lien was foreclosed was the homestead of the appellants at the time the improvements were made is overruled. The premises upon which the lien was fixed by the judgment consisted of certain lots adjoining the premises actually occupied as a homestead, and the evidence introduced by appellants from which arises the claim of homestead, is identically the same as shown in the decision in Blum v. Rogers, 78 Tex. 530, 15 S. W. 115, and in that case it was held that evidence which almost exactly parallels the facts of this case did not raise the issue that the rented premises were devoted to a homestead use. See, also, Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791. The trial court was correct in refusing to submit this alleged homestead issue to the jury.

[6] The appellant Ella Power Mercer presented a cross-action for damages alleged to have accrued to her by reason of injury to said property in the construction of the street improvements in question. Exceptions were urged and sustained to this cross-action. The specific claim urged by Mrs. Mercer is that in making the improvements the street grade was lowered on the side adjoining her property some 10 or 12 feet, leaving the surface of her property that distance above the street, and making it inaccessible, and destroying to a large extent its market value.

The judgment sustaining the exceptions now under consideration is sought to be upheld by appellee on two grounds: First, that under article 1096, R. S. 1925, the property owner must bring suit within 20 days to set aside or correct the assessment or be there-

after barred from asserting its invalidity. It is not believed that this statute would foreclose the rights of a property owner to bring a cross-action for damages where in making improvements the market value of abutting property is materially decreased, as alleged in the cross-action as stated above. The statute does not so provide.

Article 1, § 17, of the Constitution, prohibits the taking, damaging, or destruction of any person's property to and for public use, without compensation. This provision has been applied to damages to abutting property caused by obstruction in streets and improvement of highways preventing access to such streets and highways by adjoining proprietors. Hart Bros. v. Dallas County (Tex. Com. App.) 279 S. W. 1111, and authorities there cited. Article 1013, R. S. 1911 (now article 1094), commits to the governing body of the city the authority to determine the benefits occurring to the abutting property owners, but nowhere suggests that the .damages which may result to the land itself may be determined.

[7-10] The damage alleged to have accrued had not occurred when the assessment was made, and therefore could not be affected by it. The further point is urged that Mrs. Mercer could not assert the cross-action because the same accrued to community property, and the right of action, therefore, was in the husband only. This view was adopted on the original hearing, but cannot be upheld under the decisions. The evidence shows that, after the improvements were made, the appellants were divorced, and the property in controversy passed to Mrs. Mercer in the division of the community property. There is no evidence that her then husband assigned to her the claim for damages in question, and the rule is that, in a suit to recover damages for injury to real property, all the tenants in common must join; but advantage of such a defect in the petition must be taken by a plea in abatement. In the absence of such a plea, the plaintiff may recover damages in an amount proportionate to his interest in the property. G., C. & S. F. Ry. Co. v. Cusenbury, 86 Tex. 525, 26 S. W. 43. In this case no plea in abatement suggesting a defect of parties was urged.

Where the husband and wife are divorced, and no division is made of community property such property is thereafter held by the parties as tenants in common. Kirkwood v. Domnan, 80 Tex. 647, 16 S. W. 428, 26 Am. St. Rep. 770. It has been concluded that the cross-action should have been submitted to the jury, and, if the facts therein stated should be established by the verdict, the appellant Ella Mercer would be entitled to recover her proportionate part of the damages found by the jury.

[11] The validity of the assessment is further assailed on the claimed ground that it is supported by resolutions and not by ordinances, and that, therefore, the whole proceedings are invalid. This contention must be overruled. The assessment is levied by an ordinance in proper form. The fact that the contract was entered into by and between the city and the contractor by resolution has nothing to do with the validity of the assessment properly made.

[12] In view of another trial it is suggested that attorney's fees cannot be allowed without proof as to the reasonable value thereof. The complaints as to the matters of interest will probably not arise again.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.