## RISK v. CITY OF SHAMROCK et al.
### No. 3884.

Court of Civil Appeals of Texas. Amarillo.
April 5, 1933.

Rehearing Denied June 7, 1933.

Lackey & Lackey, of Stinnett, for appellant.

Reynolds & Heare, of Shamrock, and Goggans & Ritchie, of Dallas (Mart W. Reeves, of Dallas, of counsel), for appellee.

HALL, Chief Justice.

The city of Shamrock filed this suit for the use and benefit of the El Paso Bitulithic Company, based upon an assessment levied by the city on the 9th day of March, 1928, for the paving of certain streets in said city. The action is brought under article 1105b, Vernon's Annotated Civil Statutes, being chapter 106 of the Acts of the First Called Session of the 40th Legislature (1927).

The appellee approves the following statement in appellant's brief of its answer:

Defendant answered by general demurrer, several special exceptions and general denial, and also pleaded that said property was his homestead and by reason thereof was not subject to any liens, and further that the whole proceeding was void on account of the contract being made with the El Paso Bitulithic Company before any notice or hearing was had as to the benefits to the property involved or as to whether such property would be benefited more than damaged; that is, the contract was made with the El Paso Bitulithic Company before any of the other proceedings were had and that by reason thereof the entire proceedings were void from their inception, in that the city council bound and obligated itself to overrule all objections that might be made, regardless of the facts and circumstances and to do everything necessary, that is, to make and pass all orders and ordinances necessary to create a debt against appellant and a lien against his property.

The appellant further alleged that there was no ordinance making the assessment, but that it was made by resolution only, and was never voted upon, and was therefore invalid.

Appellant's brief contains only two references to the statement of facts, thus violating an important rule of briefing. However, we have decided to consider it, but in doing so are not setting a precedent.

The first contention is that the petition was subject to the general demurrer and special exceptions urged, for the reason that it did not allege that an ordinance was passed providing for street improvements which was voted upon in a regular meeting of the council.

The purported ordinance providing for the improvement of certain streets is sufficiently alleged in plaintiff's amended petition.

It appears from the record that the suit was first instituted to recover upon the paving certificate, but it seems that the certificate, if it had ever been issued, was lost, and by amendment the appellee sought to recover upon both the certificate and in the alternative upon the assessment made by the city. During the trial appellee admitted in open court "for the purposes of this trial" that a certificate ' had never been issued, and assumed the burden of proving that all the proceedings relating to the paving were regular and in accordance with law.

■ In the absence of a certificate, the burden rests upon the city to allege and prove that every step necessary to a valid assessment had been taken. R. S. art. 1090 ; Power v. City of Breckenridge (Tex. Civ, App.) 290 S. W. 872.

R. S. art. 1013, provides for the publication of the ordinances of a city in pamphlet or book form and further "all such ordinances, where printed and published by authority of the city council, shall be admitted and received in all courts without further proof." No book of ordinances was offered in evidence, and we assume that none has ever been printed.

■ In City of Austin v. Walton, 68 Tex.· 507, 5 S. W. 70, 71, it is said: "The courts do not take judicial knowledge of the ordinances of municipal corporations. They stand upon the same footing as private and special statutes, the laws of other states, and of foreign countries, and must be averred and proved like other facts."

The only thing in the statement of facts which tends to show that the city ever passed an ordinance providing for the street improvements is a five-page carbon copy of what purports to be an ordinance passed on the 9th day of February, 1928, with the name of J. B. Clark as mayor and F. L. Beasley as city secretary signed to it. This, according to a certificate attached by H. Burkhalter, the present city secretary, is a copy of the ordinance providing for the improvements of the streets, and the certificate recites that said ordinance "was duly passed at a meeting of the City Council of said City on the 9th day of February, 1928, as the same appears on the minutes of said City Council, Vol. 3, pages 563–567, inclusive."

Neither Mayor Clark nor Burkhalter testified as a witness. Beasley, the former city secretary, is the only witness who had been in any way. connected with the city administration, and he testified that he did not know Mayor Clark's signature as it appeared signed to what purported to be the original ordinance.

While the testimony is not clear, we assume that some kind of a loose-leaf book was produced in which what purported to be the original ordinances had been filed but even this was not identified by any one competent to testify. The purported copy of the ordinance appears in the statement of facts after the agreement of counsel, the approval of the trial judge, and the certificate of the district clerk authenticating the statement. There are eleven "exhibits" attached to the statement, and, as said in Norwood v. McMillan (Tex. Civ. App.) 278 S. W. 331, 332: "Neither of them bears any mark of authentication by the stenographer, the court, or counsel."

■ In the absence of the testimony of the mayor, one .or more of the aldermen, or the city secretary, authenticating and approving the original ordinances under the common-law rules, it would not be admissible and certainly a certified copy cannot be considered, even by this court. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. Our statutes provide that certified copies from the heads of certain departments, .certified copies of an instrument sued upon and of transcribed records and of the records of certain officers and courts may be admitted without first proving the genuineness of the original instruments by the common-law method, but there is no such provision relating to the ordinances of a municipal corporation.

■ It follows that the city has failed to prove that a valid assessment was ever made against the appellant's property, and for this reason the court erred in directing a verdict against appellant.

There are several other propositions urged, which, in view of another trial, we will briefly refer to.

Because it was shown and admitted that the street was improved in front of defendant's homestead, no lien could be foreclosed upon the property.

■ The appellant alleges that it was a fraudulent conspiracy between the paving company and the members of the city council, but no evidence was introduced or offered to sustain the charge. There is a general allegation by the appellant to the effect that the effort of the city council to fix a paving lien upon his homestead has resulted to his damage in the sum of $3,000 by reason of the fact that it cast a cloud upon his title. This allegation is insufficient to entitle appellant to recover damages, if indeed damages are recoverable under the circumstances in this case, a point which we do not decide.

In Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564, 565, an attachment lien had been fixed upon the exempt business homestead of the appellant. He reconvened for damages, and the Court said: "We are of opinion, therefore, that the appellant's plea

in reconvention showed no actual damages resulting from the levy of the writ. It is true that it is alleged that the levy prevented the defendant from making a sale of the real estate levied upon. Ordinarily, as we take it, where the defendant, as in this case, owes the debt for which he is sued, a levy upon real estate can have no such effect. If he can find a purchaser, he can pay the debt as he ought to do, and discharge the levies. However, we do not wish to be understood as holding that in no case can a levy of an attachment upon real estate cause damages recoverable in law. An advantageous bargain already agreed upon might be defeated by the wrongful levy of an attachment, and direct loss might result to the owner from subsequent depreciation in the value of the property. We are not prepared to hold that in such a case the loss might not be recovered."

The appellant offered evidence to show that after the attempt to fix the lien upon his property he tried to sell and would have sold his homestead to other purchasers but for the fact of the attempted lien. This testimony was inadmissible under the Trawick Case. See Panhandle Lumber Co. v. Fairey (Tex. Civ. App.) 3 S.W.(2d) 941, 945; Tsesmelis v. Sinton State Bank (Tex. Com. App.) 53 S.W. (2d) 461.

For the reasons stated, the judgment is reversed, and the cause remanded.